**SHIMBERG & FRIEL, P.C.**
Attorneys at Law
BY: Charles Shimberg, Esquire (CS-0995)
20 Brace Road, Suite 350
Cherry Hill, NJ 08034
(856) 857-0700
Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENJAMIN FERRANTE,<br><br>                      Plaintiff<br><br>v.<br><br>CHASE RECEIVABLES ET AL.,<br><br>                      Defendant | Civil Action No. 2:10-cv-02497-PGS-ES<br><br><u>ANSWER</u> |

Defendant, CHASE RECEIVABLES ET AL., by its attorneys, SHIMBERG & FRIEL, P.C., answering the Plaintiff's Complaint dated May 17, 2010 ("hereinafter Plaintiff's Complaint"), sets forth as follows:

1. In regard to the allegations set forth in paragraphs 2 and 3 of Plaintiff's Complaint, leave to the Court all determinations in regard to proper jurisdiction and venue.

2. Admit the allegations set forth in paragraphs 4, 5, 8, 9, 10 and 11 of Plaintiff's Complaint.

3. Deny the allegations set forth in paragraphs 1, 7, 14, 15, 16 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 39 and 40 of Plaintiff's Complaint.

4. In regard to the allegations set forth paragraph 6 of the Complaint, deny that any person employed by, and or associated with the Defendant in anyway whatsoever, committing any of the wrongful actions alleged in the Complaint.

5. In regard to the allegations set forth paragraph 12 and 13 of the Complaint, deny knowledge or information sufficient to form a belief as to the allegations set forth therein. In addition thereto, Defendant denies that it ever communicated with the Plaintiff with knowledge that Plaintiff was represented by an attorney in regard to his alleged lawsuit against Verizon nor did Defendant have any reasonable basis to believe that Plaintiff had commenced a lawsuit against Verizon wherein he was represented by an attorney. In support thereof, see affidavit of Fred Merrill attached hereto as Exhibit "A".

6. In regard to the allegations set forth in paragraphs 24 and 34 of Plaintiff's Complaint incorporate by reference the paragraphs set forth heretofore herein.

7. In regard to the allegations set forth in paragraphs 35 and 36 of the Complaint leave all determinations of law to the Court but otherwise deny that the Defendant violated New Jersey state law.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. Any violation of the FDCPA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. The herein action was brought in bad faith and for the purpose of harassment.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. The Plaintiff failed to mitigate his alleged actual damages.

DATED:   August 6, 2010

                                                 **SHIMBERG & FRIEL, P.C.**
                                                 Attorneys for the Defendant,
                                                 Chase Receivables

                                                 BY: _____
                                                          Charles Shimberg

TO: LEMBERG & ASSOCIATES, L.L.C.
      1100 Summer Street, 3rd Floor
      Stamford, CT   06905

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------
BENJAMIN FERRANTE,                          :
                                            :
                                            :
                Plaintiff                   :
                                            :   Civil Action No. 2:10-cv-02497-PGS-ES
                                            :
        v.                                  :
                                            :
                                            :   AFFIDAVIT
                                            :
CHASE RECEIVABLES ET AL.,                   :
                                            :
                Defendant                   :
------------------------------------------------------

FRED MERRILL, being duly sworn, sets forth the underlying to be true under the penalties of perjury:

1. I am President of Chase Receivables, Defendant named in the above-entitled action.

2. Reference is made to the legal action commenced by the Plaintiff against Verizon as more particularly described in paragraph "13" of the Plaintiff's Complaint filed in the herein action.

3. At no time did Verizon advise me or anyone else associated with Chase Receivables of the existence of the Plaintiff's referenced legal action against Verizon.

4. At no time was any debt collector communication(s) made by Chase Receivables to the Plaintiff herein with knowledge of his legal action against Verizon.

*[signature]*
FRED MERRILL

STATE OF CALIFORNIA   COUNTY OF            ss.

On the 5th day of August, in the year 2010 before me, the undersigned, personally appeared Fred Merrill, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

*[notary seal: HOLLY K. MILNER, COMM. #1892259, NOTARY PUBLIC • CALIFORNIA, SONOMA COUNTY, Comm. Exp. JUNE 15, 2014]*

*[signature]* Notary Public

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint was electronically filed with the Court and served this 6th day of August, 2010 on the following:

Jennifer Kurtz, Esq.
Lemberg & Associates, LLC
1100 Summer Street
Samford, CT 06905
*Attorneys for Plaintiff, Benjamin Ferrante*

_____
Charles Shimberg